# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JORGE L. G., | Case No. 25-cv-4696 (LMP/JFD) |
| Petitioner, | |
| v. | |
| KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security*; TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; SAMUEL J. OLSON*, in his official capacity as Director of the St. Paul Field Office of ICE, Enforcement and Removal Operations*; ERIC TOLLEFSON, *Warden of the Kandiyohi County Jail*; and DAREN K. MARGOLIN, *in his official capacity as Director of the Executive Office for Immigration Review*, | **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |
| Respondents. | |

Marc Prokosch, **Prokosch Law LLC, Roseville, MN**; and John Michael Bray, **The Law Office of John M. Bray, PLLC, Dallas, TX**, for Petitioner.

David W. Fuller and Ana H. Voss, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

  Petitioner Jorge L. G. brings a petition for a writ of habeas corpus, alleging that he has been improperly denied a bond redetermination hearing before an immigration judge.

*See generally* ECF No. 1.  The Government[1] opposes the petition.  ECF No. 8.  For the following reasons, the petition is denied, and this action is dismissed.

## BACKGROUND

Jorge L. G. is a Mexican national who entered the United States without inspection approximately 13 years ago.  ECF No. 1 ¶ 16.  In March 2017, Jorge L. G. pleaded guilty to and was convicted of felony cocaine possession in Oklahoma state court.  ECF No. 9-7 at 1.  He was sentenced to two years' imprisonment, which was suspended.  ECF No. 9-1 at 4–5.

On March 15, 2025, Jorge L. G. was encountered by U.S. Border Patrol in Watford City, North Dakota.  ECF No. 9-1 at 3.  After admitting that he did not have legal status in the United States, Jorge L. G. was taken into immigration custody and placed in removal proceedings.  *Id.* at 3–4.  The Department of Homeland Security elected to detain Jorge L. G. pending his removal proceedings, so Jorge L. G. requested a bond redetermination hearing before an immigration judge.  *Id.* at 5; ECF No. 9-3 at 1.  Jorge L. G. received that hearing on June 5, 2025; the immigration judge denied bond because Jorge L. G.'s 2017 conviction for felony cocaine possession subjected him to mandatory detention under 8 U.S.C. § 1226(c)(1)(A).  ECF No. 9-3 at 1.

Jorge L. G. applied for deferral of removal under the Convention Against Torture ("CAT").  ECF No. 9-4 at 2.  On June 9, 2025, an immigration judge denied Jorge L. G.'s

---

[1]  When used in this Order, "Government" and "Respondents" refer to the federal officials and entities named as Respondents.  Respondent Eric Tollefson, Warden of the Kandiyohi County Jail, has not participated in these proceedings.

application for deferral of removal under the CAT and ordered Jorge L. G. removed to Mexico. *Id.* at 6–7. Jorge L. G. appealed the immigration judge's decision to the Board of Immigration Appeals; that appeal remains pending. ECF No. 1 ¶ 21; ECF No. 9-6.

Jorge L. G. brought this habeas petition on December 18, 2025. ECF No. 1. He alleges that the Government has refused to provide him "with an individualized custody redetermination hearing." *Id.* ¶ 41. Jorge L. G. alleges that the Government has done so because it erroneously classifies him as subject to mandatory detention under 8 U.S.C. § 1225(b)(2), rather than eligible for bond under 8 U.S.C. § 1226(a). *Id.* ¶¶ 27–30. Jorge L. G. brings statutory and constitutional claims and claims under the Administrative Procedures Act ("APA"), all of which seek the remedy of immediate release or, alternatively, a bond redetermination hearing before an immigration judge. *Id.* ¶¶ 40–63, 85. In addition, Jorge L. G. brings a claim under the Fourth Amendment, alleging that U.S. Border Patrol lacked a warrant or reasonable suspicion to stop the vehicle in which Jorge L. G. was encountered. *Id.* ¶¶ 64–70. As a remedy for this purported Fourth Amendment violation, Jorge L. G. seeks his release from immigration detention. *Id.* ¶ 70.

The Court ordered the Government to answer the petition no later than December 29, 2025, with any reply by Jorge L. G. due by January 2, 2026. ECF No. 6. The Government timely answered and opposed the petition, ECF No. 8, but Jorge L. G. has not filed a reply.[2]

---

[2] Neither the Government nor Jorge L. G. has sought a hearing on the petition, so the Court decides the motion on the papers.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)).  The protections of habeas corpus extend to those in immigration detention.  *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

I.   **Bond Hearing Claims**

The core of Jorge L. G.'s petition focuses on his assertion that the Government is improperly denying him a bond redetermination hearing because it erroneously classifies him as subject to mandatory detention under 8 U.S.C. § 1225(b)(2), rather than eligible for bond under 8 U.S.C. § 1226(a).  ECF No. 1 ¶¶ 27–30.  Jorge L. G. observes that "numerous federal district courts, including some from within the jurisdiction of the United States Court of Appeals for the Eighth Circuit, have made clear that noncitizens detained under [8 U.S.C. § 1226(a)] are entitled to individualized bond hearings." *Id.* ¶ 3.

That is true; indeed, this Court has concluded that noncitizens like Jorge L. G. who have resided in the United States for years are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a).  *Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025).  This Court's previous rulings on seemingly identical legal

4

arguments stand intact, unless and until the Eighth Circuit or the Supreme Court of the United States say otherwise.

But that makes no difference in this case because Jorge L. G. *did* receive a bond redetermination hearing under 8 U.S.C. § 1226(a). ECF No. 9-3 at 1. And the immigration judge denied bond because Jorge L. G.'s 2017 felony drug conviction subjected him to mandatory detention under 8 U.S.C. § 1226(c)(1)(A)—not 8 U.S.C. § 1225(b)(2). *Id.* Section 1226(c)(1)(A) mandates the detention of a noncitizen who has "committed any offense covered in [8 U.S.C. § 1182(a)(2)]." Section 1182(a)(2), in turn, provides that a noncitizen is inadmissible if they have been convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance." Jorge L. G.'s conviction for felony cocaine possession is unquestionably a violation of a law "relating to a controlled substance," which means that he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A). Jorge L. G. does not contest this conclusion.[3] Accordingly, Jorge L. G.'s claim that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) does not warrant relief in this case.

---

[3]   The petition does not mention any of these facts. In fact, the petition leaves the distinct impression that Jorge L. G. has never had a bond redetermination hearing, ECF No. 1 ¶ 4, and it explicitly alleges that Jorge L. G. has no "criminal conviction that would bar his release under [8 U.S.C. § 1226(c)]," *id.* ¶ 29, without mentioning the elephant in the room: that Jorge L. G. has been convicted of a felony drug offense. And it is not as if Jorge L. G.'s attorneys did not have time to verify the facts in the petition, given that Jorge L. G., unlike many of the habeas petitioners bringing bond-hearing claims immediately after their arrest, has been detained for many months. The Court reminds Jorge L. G.'s attorneys of their duties of diligence and candor to the Court.

## II.     Fourth Amendment Claim

Jorge L. G. also asserts a Fourth Amendment claim, alleging that U.S. Border Patrol lacked a warrant or reasonable suspicion to arrest him after local law enforcement stopped the vehicle in which Jorge L. G. was encountered as a passenger.  ECF No. 1 ¶¶ 64–70; ECF No. 9-1 at 3–4.  The legal basis for this claim is not entirely clear; after all, the U.S. Constitution does not itself provide private rights of action.  *See Washington v. Vaghn*, No. 14-cv-525 (JRT/JSM), 2014 WL 3687240, at *4 (D. Minn. July 24, 2014).  Nor does Jorge L. G. seek damages or otherwise frame his claim as one arising under Section 1983 or *Bivens*,[4] the two avenues to redress constitutional violations by state and federal actors, respectively.  Instead, it appears that Jorge L. G.'s Fourth Amendment claim acts as a quasi-motion to suppress: because Jorge L. G.'s arrest was not supported by a warrant or reasonable suspicion, Jorge L. G. asserts that he is entitled to release from immigration detention.  *See* ECF No. 1 ¶ 70.

That is incorrect.  First off, the exclusionary rule generally does not apply in removal proceedings.  *See Puc-Ruiz v. Holder*, 629 F.3d 771, 777 (8th Cir. 2010) (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039–42 (1984)).  But even if the exclusionary rule applied to Jorge L. G.'s situation, "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. 1039–40.  In other words, while the exclusionary rule may permit

---

[4]    *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

suppression of evidence gathered in the course of an illegal arrest, search, or interrogation, it does not permit a court to "suppress" a person's actual identity or body in detention. Accordingly, the sole remedy that Jorge L. G. seeks for the purported violation of his Fourth Amendment rights—release from custody—is unavailable as a matter of law. *See Salgado Valenzuela v. Semaia*, No. 5:25-cv-02853-SSS-RAO, 2025 WL 3635578, at *4–5 (C.D. Cal. Nov. 3, 2025) (rejecting Fourth Amendment argument analogous to Jorge L. G.'s); *Alonso-Portillo v. Bondi*, No. 1:25-cv-306, 2025 WL 2483393, at *11 (S.D. Ohio Aug. 28, 2025) (same); *Rodriguez De Oliveira v. Joyce*, No. 2:25-cv-00291-LEW, 2025 WL 1826118, at *5 (D. Me. July 2, 2025) (same). Jorge L. G.'s Fourth Amendment claim therefore must be dismissed.

## CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Jorge L. G.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and

2. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 8, 2026         *s/Laura M. Provinzino*
                               Laura M. Provinzino
                               United States District Judge